liKLEES, Judge,
concurs.
I agree with the majority’s opinion that the donation is unenforceable as a matter of law. However, I do not agree that the entire consent judgment must be vacated, and therefore, respectfully concur.
The trial court’s reasoning as to why the parties executed a consent judgment is flawed. The purpose of all consent judgments is to avoid litigation. In the interest of judicial economy, consent judgments should be encouraged, and parties should not be penalized for entering into them.
Judgments in domestic cases, whether considered by the court or consented to by the parties, always involve multiple issues. They often concern multiple issues like child support, custody and visitation. If one party wishes to modify a portion of the judgment, for example, a portion concerning child support, a rule can be filed to modify or terminate child support only. The entire previous judgment does not have to be reconsidered.
The situation is the same in this case. Mr. Sigur wishes to alter only one part of the previous consent judgment. He does not desire to change other provisions of the previous judgment. The majority reasons that the portion of the judgment dealing with the donation to Ms. Sigur must fail because of error between the parties and/or lack of consideration. That does not mean that there was error or lack of consideration in the other areas of the consent judgment. Accordingly, the entire consent judgment does not have to be reconsidered.